FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 1 3 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ALISA YARBOROUGH,

               Plaintiff,

      - against -

NEW YORK CITY, N.Y.C. DEPARTMENT OF
SOCIAL SERVICES, JACQUELINE GASTON,
FOLASHADE SOLOMON, NIDIA LANDERS,
FORSETT NEWBY, and JOHN DOES 1 - 2,

               Defendants.

---------------------------------------------------------------X

**REPORT AND RECOMMENDATION
10 CV 2125 (CBA) (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff failed to appear for her deposition on November 21, 2011 and was ordered to show good cause for her failure to appear. Plaintiff did not respond to the Court's Order and defendants now request dismissal of this action. For the following reasons, it is respectfully recommended that plaintiff's case should be dismissed pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff commenced this *pro se* civil rights action on May 5, 2010. (Docket entry 1.) Over the next year and a half, as the Court attempted to have the individual defendants identified and served with process, plaintiff failed to appear for pretrial conferences on four occasions.[1] After plaintiff failed to appear for the status conference on August 9, 2011, the Court set the deadline for completion of discovery and warned plaintiff that if she failed to "comply with her

---

[1] Plaintiff failed to appear for pretrial conferences on October 14, 2010, March 16, 2011, April 28, 2011, and August 9, 2011. (Docket entries 23, 47, 49, and 63.)

obligation to respond to defendants' discovery requests," she could be subject to "sanctions which may include dismissal." (Docket entry 63.)

On October 13, 2011, defendants noticed plaintiff for her deposition. (Docket entry 64.) Plaintiff failed to appear for her deposition on November 21, 2011, and did not contact defendants' counsel to inform her that she would not be able to appear at the scheduled date and time. (Id.) When plaintiff did not appear on November 21, 2011, defendants' counsel called the phone number that plaintiff provided to the Court and received a message that the number had been "temporarily disconnected." (Id.) By letter dated December 5, 2011, defendants requested that this case be dismissed for plaintiff's failure to appear at her deposition. (Id.)

Instead of recommending dismissal of plaintiff's action, the Court ordered plaintiff to show good cause in writing by January 6, 2012 why she failed to appear for her deposition. (Docket entry 65.) The Court stated that "[i]f plaintiff contacts the Court and defendants' counsel to confirm that she will appear for her deposition on a new date, the Court shall order plaintiff to appear for her deposition on a date certain as a lesser sanction." (Id.) Given plaintiff's repeated failures to appear at Court-ordered pretrial conferences in this case, the Court deemed it inappropriate to require defendants to incur the cost of rescheduling plaintiff's deposition unless she contacted the Court and defendants' counsel to confirm that she would appear on a new date. (Id.) The Court explicitly warned plaintiff that "if she fails to show good cause by January 6, 2012 why she failed to appear for her deposition, the Court shall recommend that this action should be dismissed under Rule 37(b)(2)(A)(v)." (Id.)

Plaintiff did not respond to the Court's Order. By letter dated January 26, 2012, defendants' counsel informs the Court that plaintiff has not contacted her since she failed to

appear for her deposition on November 21, 2011, and requests that this action be dismissed under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. (Docket entry 66.)

## DISCUSSION

Under Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure, the Court "may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Such sanctions may include dismissal of the action. Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."); Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."); see Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 766 (2d Cir. 1990) (affirming dismissal of action under Rule 37(d) for *pro se* plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127, 1130-31 (2d Cir. 1986) (motion to dismiss for failure to appear for a deposition is properly considered under Rule 37(d)). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

In evaluating whether to dismiss a case pursuant to Rule 37, the Court looks to the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302-303 (2d Cir. 2009) (per curiam). "Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-

compliance is not due to factors beyond the party's control." Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (quoting Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996)).

Plaintiff has not contacted the Court or provided any reason for her failure to appear for her deposition despite the Court's clear Order directing her to show good cause. Throughout this litigation, plaintiff has repeatedly failed to appear for conferences and has now failed to appear for her deposition without good cause.

A lesser sanction would be futile at this juncture. Instead of recommending dismissal of the case after plaintiff initially failed to appear for her deposition, the Court stated that "[i]f plaintiff contacts the Court and defendants' counsel to confirm that she will appear for her deposition on a new date, the Court shall order plaintiff to appear for her deposition on a date certain as a lesser sanction." (Docket entry 65.) However, plaintiff did not contact either the Court or defendants' counsel to request a new date for her deposition. In fact, it appears that plaintiff has abandoned this action.

Plaintiff has been provided ample warning of the consequences for failing to comply with her discovery obligations. The Court first warned plaintiff upon setting the deadline for discovery that failure to comply with discovery obligations could result in sanctions which include dismissal. (Docket entry 63.) After plaintiff failed to appear for her deposition, the Court ordered her to show good cause and explicitly warned her that the Court would recommend dismissal of this action if she failed to show good cause for failing to appear for her deposition. (Docket entry 65.) The Court's lesser sanction and explicit warning have not prompted plaintiff's compliance.

This is plaintiff's action to vindicate her rights. The Court should not require defendants to continue to bear the burden of litigating against a plaintiff who refuses to abide by the rules. This is both unfair to defendants and unacceptable.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's case should be dismissed pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/Signed by Judge Lois Bloom/

LOIS BLOOM
United States Magistrate Judge

Dated: February 13, 2012
    Brooklyn, New York